# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD LEE ALLEN, | Case No. 3:17-cv-00712-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| HAROLD WICKHAM, *et al.*, | |
| Respondents. | |

Petitioner has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a petition for a writ of habeas corpus. The Court finds that petitioner is unable to pay the filing fee.

Petitioner has used the form for a petition under 28 U.S.C. § 2241. However, he is in custody pursuant to a judgment of conviction of a state court. Even though he is challenging how the Nevada Department of Corrections applies credits toward his sentence and is not challenging the validity of his judgment of conviction, 28 U.S.C. § 2254 governs this case. The Court will not require petitioner to file an amended petition on the correct form, but the parties will need to be aware how this action will proceed.

Petitioner has filed a motion for appointment of counsel. Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits

as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the Court finds that appointment of counsel in this action is not warranted.

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk electronically serve upon respondents a copy of the petition and this order. In addition, the Clerk will return a copy of the petition to petitioner.

It is further ordered that respondents will have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then petitioner will have fourteen (14) days to file a response to the motion, and respondents will have seven (7) days from the date of filing of the response to file a reply.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g) paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

It is further ordered that petitioner's motion for appointment of counsel is denied.

DATED THIS 24th day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE